**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KWOK CHEUNG CHOW, | No. 05-74671 |
| Petitioner, | Agency No. A035-708-186 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2010**
San Francisco, California

Before: HALL and McKEOWN, Circuit Judges, and CAMPBELL,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David G. Campbell, United States District Judge for
the District of Arizona, sitting by designation.

Kwok Cheung Chow petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

On July 16, 2002, an immigration judge determined that Chow was subject to removal based upon Chow's admissions and his record of convictions. The immigration judge found that the only relief for which Chow was eligible was deferral of removal under the Convention against Torture ("CAT"). Chow declined to file the required application for CAT relief. On February 14, 2003, the BIA dismissed Chow's appeal from the immigration judge's decision.

On May 16, 2005—more than two years later—Chow filed a motion to reopen the proceedings. Because a party must move to reopen deportation proceedings within 90 days of the final administrative proceeding, Chow's motion is time-barred. 8 C.F.R. 1003.2(c)(2). Nonetheless, Chow argues that the time limit to file a motion to reopen should be equitably tolled because his due process rights were violated at the removal proceedings. This argument is presented for the first time on appeal and we do not have jurisdiction to consider it. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004) ("[Section] 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.").

To be sure, even without equitable tolling the BIA has authority to "reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). But the BIA declined to exercise its sua sponte authority here, and we do not have jurisdiction to review its decision. See Ekimian v. Immigration & Naturalization Serv., 303 F.3d 1153, 1159 (9th Cir. 2002) (holding that exercise of BIA's sua sponte power not subject to judicial review).

For the foregoing reasons, Chow's petition for review is DENIED.